IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60120
Conference Calendar
_____


CATHERINE M. STARR,

                                    Plaintiff-Appellant,

versus

T. WILLIAM HOWARD, Dr.,
Psychologist, ET AL.,

                                    Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:94-cv-288-PS
- - - - - - - - - -

(October 19, 1995)
Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

    We liberally construe Catherine Starr's pro se brief to

challenge the district court's continuance of the case management

conference until after the rulings on the pending dispositive

motions.  The district court has the inherent authority to manage

its own docket.  Natural Gas Pipeline Co. of America v. Energy

Gathering, Inc., 2 F.3d 1397, 1406-07 (5th Cir. 1993), cert.

denied, 114 S. Ct. 882 (1994).  The court was properly exercising

_____

[*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

that authority in light of the pending motions to dismiss Starr's patently frivolous lawsuit.

Starr challenges the district court's dismissal of her suit prior to trial. Starr filed this same complaint against the same defendants in 1990. See Starr v. Howard, No. 91-1778 (5th Cir. Feb. 18, 1993) (hereinafter Starr I). Both suits grew out of Starr's involuntary commitment to a state hospital in 1985 because of a mental impairment. Notwithstanding her right to proceed pro se or her right to request a jury trial, the court may dismiss a complaint that fails to state a cause of action as a matter of law prior to trial. See, e.g., Fed. R. Civ. P. 12(b) & (c).

Starr adds nothing more to the allegations that she made in her original complaint. Consequently, Starr's instant complaint is subject to dismissal for the reasons stated in Starr I. See Starr I, slip op. at 5-10 (governmental entities absolutely immune; individual defendants entitled to qualified immunity; insufficient allegations of conspiracy; properly dismiss state law pendent claims for lack of subject matter jurisdiction).

Because the appeal is patently frivolous, it is DISMISSED. 5th Cir. R. 42.2. We caution Starr that any additional frivolous appeals filed by her or on her behalf will invite the imposition of sanctions. To avoid sanctions, Starr is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

APPEAL DISMISSED.